**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:  January 28, 2010

Courtroom Deputy:  Bernique Abiakam
Court Reporter:    Suzanne Claar
Probation Officer: Grant Hanson

**Criminal Action No.: 07-cr-00429-REB-24**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Mark Barrett |
|      Plaintiff, | |
| v. | |
| 24.   QUAN HOANG NGUYEN, | Sean McDermott |
|      Defendant. | |

**SENTENCING MINUTES**

**2:03 p.m.     Court in session.**

Court call case.  Appearances of counsel.  Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum/addenda.

Counsel for the government confirms that counsel has read the presentence report and addendum/addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum/addenda with the defendant.

*07-cr-00429-REB-24*
*Sentencing*
*January 28, 2010*

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Brief statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

*07-cr-00429-REB-24*
*Sentencing*
*January 28, 2010*

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the Government's Motion For Downward Departure Pursuant To §5K1.1 is GRANTED.

3. That the Government's Oral Motion To Dismiss With Prejudice all other Crimes Charged against this defendant and this defendant only in the Amended Superseding Indictment and preceding indictment is GRANTED.

4. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count Sixty-One of the Indictment;

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **19 months**;

6. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **3 years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

7. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    • all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    • all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    • the following explicit or special conditions of supervised release:

        • that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        • that the defendant shall not possess or use illegally controlled substances;

        • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. §

*07-cr-00429-REB-24*
*Sentencing*
*January 28, 2010*

       921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are imposed / waived;

11. That the defendant shall voluntarily surrender and report, at defendant's expense to the institute designated by the Bureau of Prisons within 15 days of the date of such designations notified by the Probation Department and as ordered by the Court.

The Court will recommend to the Bureau of Prisons, that the Defendant is incarcerated within the State and District of Colorado.

The Defendant waives formal advisement of appeal.

**2:32 p.m. Court in recess.**
Hearing concluded.
Total time in court: 31 minutes